NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 15, 2013*

Decided July 18, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1105 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 11-20010 |
| KAREN D. DOOLEY, *Defendant-Appellant*. | Michael P. McCuskey, *Judge*. |

**Order**

We remanded this case last year, 688 F.3d 318 (7th Cir. 2012), so that the district court could apply the factors in U.S.S.G. §5G1.2 Application Note 2(B) when deciding whether Dooley's three sentences for aggravated identity theft should run consecutively to each other. The district judge held a three-day hearing and concluded that they should. He imposed the same sentences (aggregating 96 months).

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Our opinion observed that such a term would be substantively reasonable. Dooley's current appeal does not contend that the judge erred or abused his discretion in applying the considerations from Application Note 2(B). Instead Dooley contends that the judge failed to consider her rehabilitation during the time she has spent in prison. See *Pepper v. United States*, 131 S. Ct. 1229 (2011).

Yet rehabilitation was the subject of much evidence during the hearing on remand, and it was discussed by the district judge both at the hearing and in his written opinion. Federal sentencing procedure in the wake of *United States v. Booker*, 543 U.S. 220 (2005), requires judges to consider all arguments, and to discuss the defendants' principal arguments, but does not require judges to agree with them. *Pepper* held that district judges may give lower sentences on account of rehabilitation between two sentencing proceedings, not that they must. The district judge did not abuse his discretion by concluding that Dooley's conduct in prison does not lead to a lower sentence.

Dooley has a fallback argument: That the district judge violated 18 U.S.C. §3582(a) by sentencing her to extra time in prison so that she could continue her rehabilitation. Section 3582(a) forbids such a step. See *Tapia v. United States*, 131 S. Ct. 2382 (2011). Dooley bases her argument on this statement by the district judge: "Defendant has begun to take advantage of the rehabilitation programs offered to her while in federal custody. Thus, the §3553(a)(2)(D) factor of providing educational or vocational training has been partly successful. To deprive her of those programs at this point, which are offered to her at no cost, before she has finished her career transition, would do her a disservice."

We do not read this as a declaration by the district court that Dooley's sentence has been *increased* in order to provide additional educational services. She was sentenced to 96 months in 2011, before the subject of rehabilitation in prison arose, and on remand the judge explained why considerations of desert, deterrence, and comparability to other offenders' sentences still justify a 96-month sentence. The statement about rehabilitation in prison was offered, not to support a longer sentence, but as part of the explanation why Dooley's emphasis on rehabilitation does not justify a shorter sentence. As we explained in *United States v. Annoreno*, 713 F.3d 352, 358–59 (7th Cir. 2013), and *United States v. Lucas*, 670 F.3d 784, 795 (7th Cir. 2012), there is a legally important difference between increasing a sentence to provide more rehabilitation (forbidden) and taking rehabilitation into account when deciding not to reduce a sentence determined by reference to other considerations (allowed). As the Court remarked in *Tapia*, 131 S. Ct. at 2391, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment of training programs."

AFFIRMED